NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SERGIO OSEGUERA-SALCE, AKA Sergio Salce Oseguera, AKA Sergio Oseguera-Salch, AKA Sergio Osegura, AKA Sergio Salce Osegura, AKA Salce Oseguera Sergio,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No. 14-71500<br><br>Agency No. A092-029-292<br><br><br>MEMORANDUM *|

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017**

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

  Sergio Oseguera-Salce, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Oseguera-Salce's motion as untimely, where the motion was filed more than one year after the agency's final order, *see* 8 C.F.R. § 1003.2(c)(2) (setting a 90-day filing deadline for motions to reopen), and Oseguera-Salce failed to establish changed circumstances in Mexico to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Contrary to Oseguera-Salce's contention, the BIA did not err in not addressing Oseguera-Salce's competency in the order under review, where the IJ had addressed competency under *Matter of M-A-M-*, 25 I.&N. Dec. 474 (BIA 2011), during his underlying proceedings, the medical evidence submitted with the motion did not show a material change since the IJ hearing, and the BIA considered the new medical evidence as it related to his eligibility for relief, 8 C.F.R. § 1003.2(c)(1).

Finally, Oseguera-Salce's contentions that the BIA ignored arguments raised in his motion or did not follow proper criteria in denying his motion are not

14-71500

supported by the record.  *See Najmabadi*, 597 F.3d at 990.

**PETITION FOR REVIEW DENIED.**